FILED
MAY 0 2 2022
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By

# UNITED STATES DISTRICT COURT

for the

MIDDLE District of NORTH CAROLINA

________ Division

Case No. 1:22CV44
*(to be filled in by the Clerk's Office)*

NATHANIEL DANTE RICE (CLASS ACTION)
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

SHERIFF DANNY ROGERS, ET AL.
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

WILL DISCOVERY ~~COULD~~ LEAD TO CLASS ACTION FOR... "ALL PRESENT AND FUTURE INMATES AT GREENSBORO CENTRAL/COUNTY JAIL"

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | NATHANIEL RICE |
| All other names by which you have been known: | YADERE SHAKUR<br>YEDIDIAH SHAKUR-EL |
| ID Number | 113728 AND OR 1230090 |
| Current Institution | Greensboro Central Jail |
| Address | 201 S. Edgeworth St |
| | Greensboro (City) N.C. (State) 27401 (Zip Code) |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

★ALL SUPERVISORY STAFF/OFFICIALS SUED IN INDIVIDUAL & OFFICIAL CAPACITY★

Defendant No. 1

| | |
|---|---|
| Name | DANNY ROGERS |
| Job or Title *(if known)* | Sheriff of Guilford County |
| Shield Number | |
| Employer | GUILFORD COUNTY |
| Address | 201 S. EDGEWORTH ST |
| | GREENSBORO (City) N.C. (State) 27401 (Zip Code) |

☑ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | ARAMARK, INC |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | CORPORATE ADDRESS: |
| Address | 2400 MARKET ST |
| | PHILADEPHIA (City) PA (State) 19103 (Zip Code) |

NOT SURE BUT APPEARS TO BE A LOCAL ADDRESS: 3200 E. MLK Jr Dr #117 High Point, NC 27260

☑ Individual capacity ☑ Official capacity

| | | |
|---|---|---|
| Defendant | No. 5: Captain Rogers | Guilford County |
| Defendant | No. 6: Captain Johnson | Guilford County |
| Defendant | No. 7: Major Moore | Guilford County |
| Defendant | No. 8: THE LOCAL GOVERNMENT EXCESS LIABILITY FUND, Inc | Guilford County |
| Defendant | No. 9: Food Service Supervisor Josh | Aramark |
| Defendant | No. 10: Health Service Supervisor S. Leach | Well Path |
| Defendant | No. 11: Mental Health Supervisor Elizabeth | Well Path |
| Defendant | No. 12: Medical Nurse Prachoner McNeil | Well Path |
| Defendant | No. 13: Medical Nurse Jane Doe #1 (Booking 12/26/21) | Well Path |
| Defendant | No. 14: Medical Nurse Jane Doe #2 (Believed to be Angela) | Well Path |
| Defendant | No. 15: Medical Nurse Jane Doe #3 (Believed to be Monica) | Well Path |
| Defendant | No. 16: Medical Nurse Jane Doe #4 (Believed to be Anissa) | Well Path |
| Defendant | No. 17: Medical Doctor Haq | Well Path |
| Defendant | No 18: Medical Dentist E. Burnett | Well Path |
| Defendant | No 19: Guilford County Health Service Director | Guilford County |
| Defendant | No. 20: Guilford County / City of Greensboro | Guilford County |
| Defendant | No. 21: Lt Burley | Guilford County |
| Defendant | No: 22: Lt Rouse | Guilford County |
| Defendant | No: 23: Lt Hobgood | Guilford County |
| Defendant | No. 24: Lt Nelson | Guilford County |
| Defendant | No. 25: Sgt John Doe #4 | Guilford County |
| Defendant | No. 26: Sgt. Klipstine | Guilford County |
| Defendant | No: 27: Sgt Young | Guilford County |
| Defendant | No. 28: Sgt. Redford | Guilford County |
| Defendant | No. 29: Sgt. O'Leary | Guilford County |
| Defendant | No: 30: Sgt. Burns | Guilford County |
| Defendant | No. 31: Sgt. Robeson | Guilford County |
| Defedant | No: 32: Sgt. Wallace | Guilford County |
| Defendant | No. 33: Lt. Crute | Guilford County |

2 B(i)

1 out of 3

| | | |
|---|---|---|
| Defendant | No 34: Sgt Neal | Guilford County |
| Defendant | No 35: Sgt OBelar | Guilford County |
| Defendant | No. 36: Corporal Rodriguez | Guilford County |
| Defendant | No. 37: Corporal Goodman | Guilford County |
| Defendant | No. 38: Corporal King | Guilford County |
| Defendant | No 39: Corporal Taylor | Guilford County |
| Defendant | No. 40: Disciplinary Ofc. Hairston | Guilford County |
| Defendant | No. 41: Disciplinary Ofc. John Doe #10 | Guilford County |
| Defendant | No. 42: Chaplain J. Solomon | Guilford County |
| Defendant | No 43: Corporal Hall | Guilford County |
| Defendant | No 44: Medical Nurse Amanda | Well Path |
| Defendant | No 45: Medical Officer John Doe #1 | Guilford County |
| Defendant | No. 46: Booking Officer John Doe #2 | Guilford County |
| Defendant | No. 47: Booking Officer John Doe #3 | Guilford County |
| Defendant | No 48: Booking Officer John Doe #5 | Guilford County |
| Defendant | No. 49: 2B Unit Ofc. John Doe #6 | Guilford County |
| Defendant | No. 50: 2B Unit Ofc. John Doe #7 (Believed to be McLaughlin) | Guilford County |
| Defendant | No. 51: 2B Unit Ofc John Doe #8 | Guilford County |
| Defendant | No. 52: OFFICER BLAKE | Guilford County |
| Defendant | No. 53: OFFICER FERNANDEZ | Guilford County |
| Defendant | No. 54: OFFICER McCLEAN | Guilford County |
| Defendant | No. 55: OFFICER J. WILLIAMS | Guilford County |
| Defendant | No. 56: OFFICER TORRES | Guilford County |
| Defendant | No. 57: OFFICER VALENTINE | Guilford County |
| Defendant | No. 58: OFFICER A. WILLIAMS | Guilford County |
| Defendant | No. 59: OFFICER CLARK | Guilford County |
| Defendant | No. 60: OFFICER REID | Guilford County |

2B(2)

2 OUT OF 3

| Defendant | Employer |
|---|---|
| Defendant No. 61: OFFICER MILLER | Guilford County |
| Defendant No. 62: OFFICER FARROW | Guilford County |
| Defendant No. 63: OFFICER ROSEBORO | Guilford County |
| Defendant No. 64: OFFICER HORNET (JD#9) | Guilford County |
| Defendant No. 65: OFFICER MARTIN | Guilford County |
| Defendant No. 66: OFFICER DRIVER | Guilford County |
| Defendant No. 67: OFFICER PARKER | Guilford County |
| Defendant No. 68: OFFICER LANKFORD | Guilford County |
| Defendant No. 69: OFFICER RIVERA | Guilford County |
| Defendant No. 70: OFFICER PRIEST | Guilford County |
| Defendant No. 71: OFFICER TERRY | Guilford County |
| Defendant No. 72: CORPORAL NORMAN | Guilford County |
| Defendant No. 73: DISCIPLINARY HEARING OFFICER JANE DOE #6 | Guilford County |
| Defendant No. 74: Mental Health Director JANE DOE #5 | Well Path, Inc |
| Defendant No. 75: Medical Director of Operations – CHRIS | Well Path, Inc |
| Defendant No. 76: Sgt. Paschal | Guilford County |
| Defendant No. 77: Sgt. Garnett | Guilford County |
| Defendant No. 78: OFFICER D'ANDREA, DM JR | GPD/Guilford County |
| Defendant No. 79: FEMALE ARRESTING OFFICER ASSISTANT JANE DOE #7 | GPD/Guilford County |
| Defendant No 80: Medical NURSE KING | Well Path, Inc |

Defendant No. 81 thru Defendant No. 90: *ALL MEDICAL STAFF & UNIDENTIFIED OFFICERS WHO DID ROUNDS, DENIED RICE WHEELCHAIR, MEDICATIONS, MEDICAL ASSESSMENT(S), 3 NUTRITIOUS MEALS, TOOK RICE PROPERTY AND/OR VIOLATE RICE'S RIGHTS AT GCJ *

*TO BE IDENTIFIED DURING DISCOVERY PROCEDURES ~ AN ADDED/AMENDED*

2 B(3)

3 OUT OF 3

Defendant No. 3

| | |
|---|---|
| Name | WELL PATH, INC / CUSTOMS CARE SOLUTIONS |
| Job or Title *(if known)* | NOT SURE BUT THIS APPEARS TO BE A LOCAL ADDRESS { 2801 Slater Rd |
| Shield Number | Morrisville, NC 27560 |
| Employer | CORPORATE ADDRESS: |
| Address | 1283 Murfreesboro Rd |
| | Nashville, TN 37217 |
| | City, State, Zip Code |

☑ Individual capacity ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | TO BE IDENTIFIED DURING DISCOVERY |
| Job or Title *(if known)* | Sheriff Danny Rogers Bond Company |
| Shield Number | |
| Employer | |
| Address | |
| | Greensboro, N.C. |
| | City, State, Zip Code |

☑ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim) AND § 1985(3) CLAIM(S) AND 28 USC § 1331(a)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. First Amendment right to exercise free speech, redress grievances and/or report/redress subordinate staff's misconduct to supervisory officials (in a timely manner) to abate/deter any additional misconduct and/or transgressions of constitutional right(s) free from retaliatory actions of government officials and/or medical staff acting under color of state law as correctional facility staff. SEE Booker v. S.C. Dept of Corr., 855 F.3d 533 (4th Cir. 2017) SEE 3(II)(B)(1) 3 3(II)(B)(2).

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

II. (B) CONTINUED

2. First Amendment right to free speech of sender of incoming mail thru postal service, inmates 1st & 14th rights to receive incoming mail daily and/or rights to unabridged free speech chilled denying inmates tablet daily at GCJ (especially when such denial of ability to receive incoming mail based on DS emanating from disciplinary hearing held in violation of due process).

3. First Amendment right to free exercise of religious beliefs violated denying inmates/Rice regular opportunity to shower, timely obtain KOSHER non meat CAN EAT FISH ONLY diet, preventing inmates from wearing Kufi/Kippah/Crown at GCJ, denying Muslims two hot meals during Ramadan; forcing Muslims/Jews/Rastafarians to drink unclean water to take medications/medicines prescribed by medical staff having a chilling effect and/or substantial burden on the free exercise of religious beliefs of inmates at GCJ (in violation of RLUIPA & RFRA).

4. First & Fourteenth Amendment right to variety of adequate foods an inmate can eat based on medical/religious status under Equal protection, RLUIPA, RFRA, ADA, Rehabilitation Act and/or contract(s) between Food/Health Service providers & Guilford County/Sheriff Rogers

5. Eighth and/or fourteenth Amendment right not to be punished as a pretrial detainee in violation of Due Process, right to proper/adequate medical care/medications/medical accommodations (including inmates right to regular showers/humane living conditions under 8th/14th Amendments) in a timely manner. (Right not to be subjected to excessive force

6. First, Sixth and Fourteenth Amendment right(s) to timely/effectively petition government to redress grievances, unabridged/unobstructed access to Court, prepare legal defense(s)/claim(s) and/or an indigent pro se inmates ability/right to access law library to research/prepare legal documents, obtain legal copies, paper, pen, large manilla envelopes, stamps and/or obtain necessary legal assistance ➡ to mail legal documents to Court (as well as use jail grievance procedures to petition governmental supervisory officials to report/redress staff misconduct in a timely manner to prevent/abate additional misconduct).

7. First, Sixth and Fourteenth Amendment right to maintain family/community ties, indigent inmate's right to equal protection/ability to visits/calls and/or a pro se indigent inmates right to effectively prepare for trial (when pro se inmate needs

and request legal calls or visits with family/community/media (at no cost to inmate) to redress grievances or properly prepare defense(s) or legal claims for forthcoming trial in Court.) while inmates with money allowed visits and calls at GCJ.

8. Eighth & Fourteenth Amendment right to 5 hours of out of cell exercise (absent reasonable penological justification for denying inmate opportunity to recreation) especially when inmate's denial of out of cell exercise is result of disciplinary hearing where inmate's right to Due Process was/is violated.. ..and/or an arbitrary decision emanated without Due Process to punish inmate unconstitutionally that resulted in injuries including muscle atrophy & weight loss.

9. State tort claims of false arrest, false imprisonment, negligence, deliberate indifference, consortium, gross negligence, medical malpractice/negligence, assault, battery, intentional infliction of emotional distress, spoilation of evidence & falsify reports. (*NOTE* Plaintiff needs discovery procedure to obtain medical records to send to medical expert to get certificate needed under state law while averring 4th Circuit Court of Appeals has ruled that under Federal Rules of Civil Procedures state certificate requirements conflict and "Federal Rules" not state laws "govern [plaintiff's] claim in federal court" See Pledger v. Lynch, 5 F.4th 511 (4th Cir. 2021) (holding "that failure to comply with [state certificate requirements] is not grounds for dismissal of [plaintiff's] federal court... action") at 518)

10. It should be noted.. Officer Hornet use force → excessive on February 19th 2022 ➡ Fourteenth Amendment right to NOT be punished and/or subjected to excessive force in October 2018, January of 2022, January 11th 2022 and/or on February 20th 2022 ~ as well as on March 3rd 2022 (*NOTE* continuation of 5th claim) Failure to protect/intervene

11. First, Sixth & Fourteenth Amendment right to necessary "legal assistance" and/or accommodations to properly prepare legal defense(s)/claims when exercising right to Self-representation in Court. (*NOTE* continuation of 6th claim)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. ALL DEFENDANTS ACTED UNDER THE COLOR OF STATE LAW EMPLOYED AT GUILFORD COUNTY JAIL OR GREENSBORO CENTRAL JAIL ~ WHERE PLAINTIFF IS BEING [redacted] DETAINED.
ARRESTING OFFICERS ACTING UNDER COLOR OF STATE LAW WORKING FOR CITY OF GREENSBORO ~ AND/OR GUILFORD COUNTY.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [x] Other *(explain)* FALSELY ARRESTED/ACCUSED OF CHARGES I WILL BE ACQUITTED OF EVENTUALLY. SEE U.S v. ESSICK, 935 F.2d 28 (4th Cir. 1991); see also U.S. v. SIMMONS, 649 F.3D 237 (4th CIR. 2011)

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.
ON 12/26/21, pro se plaintiff was unlawfully, falsely, unconstitutionally arrested by officer D'ANDREA and charged with various crimes without a factual basis sufficient to allow a jury to convict plaintiff of any crime ~ thereby violating constitution, statutory laws and PEACE TREATY ~ dragging/pulling/carrying plaintiff into GCJ in Greensboro, N.C. In addition, female officer Jane Doe #7 participated in false arrest and incarceration of plaintiff.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.
The plaintiff (hereafter refered to as 'Rice') is/was Known to [redacted] all staff as an outspoken inmate who FREQUENTLY spoke/speaks out verbally (and/or formally filing a grievance form) to redress grievances against jail officials at Guilford County..
SEE ATTACHED SHEETS, AT PP 12-36
*see also IV.A*

C. What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED PAGES_ AT PP. 12-36

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED PAGES_ AT PP. 12-36

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHED PAGES_ ESPECIALLY PAGE ➡ 32

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

(1) ORDER Defendants to pay nominal, compensatory & punitive ➡ damages including loss of property/tools in storage plaintiff lost unable to pay bill falsely arrested and held in custody since 12/26/21. Compensatory damages for pain/suffering/injuries $12,000 per day and punitive damages $28,000 per day, nominal damages $1 ~ also declaratory judgment necessary! In addition, ORDER defendant to pay $450 filing fee and all additional legal expenses necessary to resolve all grievances of Rice as well as future/current inmate held at GCJ.
(Compensatory damages for EMOTIONAL DISTRESS) SEE 5(VI)(1) ; 5(VI)(2) ; 5(VI)(3)

## RELIEF NEEDED/REQUESTED FOR PLAINTIFF(S)

2. ORDER Defendants to establish procedures that afford all inmates ability to obtain jail grievances forms while enjoining policies allowing officials/staff to deny/delay an inmate's ability/right to petition government supervisory staff/officials to report/redress all grievances in a timely manner. (*NOTE* Cease/abate all policies that allow officers/staff to ignore inmate's request(s) or grievances while establishing procedures to ensure every grievance is properly investigated maintaining transparency and unbias/impartial/fair review of all grievances in a timely/constitutional manner)

3. ORDER Defendants to establish/enforce/implement procedures for medical staff to follow that ensures all inmate request(s) for medical care are reviewed daily to abate current medical procedures that allow unduly delay(s) in an inmate's right to medical care, proper medications and/or adequate medical assistance/accommodations. (*NOTE* All inmates denied daily access to KIOSK MUST be afforded sick-call forms that must be revewed daily to ensure all serious medical issues are resolved immediately) (Cease/abate procedures/custom to biweekly renew medication for chronic care)

4. ORDER Defendants establish medication distribution procedures that cease medical staff running out of **medications** an inmate needs while creating policies that ensure all inmates receive the medications they need to avoid unnecessary pain & suffering (medical or mental health medications) and/or unnecessary mental anguish.

5. ORDER Defendants to establish guidelines/procedures that ensure any inmate that goes 5-7 days without eating will automaticly be assess daily to avoid serious injury or death while creating procedures whereby medical accommodations are emanated for inmates with needs for special diets to avoid delays **and** afford all inmates proper medical care.

6. ORDER Defendants to abate denying inmate's on disciplinary status a tablet while implementing policy to restrict what inmate is able to access while ensuring all inmates at GCJ have access/ability to receive incoming mail and unabridged access to law library and/or right to research/prepare legal documents for Court (unabridged/unobstructed/unimpaired).

7. ORDER Defendant to establish procedures for indigent inmates to be afforded free **phone calls** and free visits to maintain family/community ties as well as fundamentally fair ability to prepare legal defense(s) and/or claims for Court. (ESPECIALLY NECESSARY FOR INMATE EXERCISING RIGHT TO SELF-RESPRESENTATION IN COURT).

8. ORDER Defendants to implement policy/procedures that abate delays within an inmate's right to prepare legal documents and mail them to Court. Properly train officers to provide all paper, large manilla envelopes, stamps, pen(s) and/or legal copies needed to allow any pro se indigent inmate to prepare for Court and/or present legal claims to Court in a timely manner. (ENJOIN current delays forcing indigent inmates to wait for indigent Kit)

9. ORDER Defendant to implement disciplinary procedures/proceeding that afford all inmate's DUE PROCESS as held mandatory in Wolff v. McDonnell, 418 U.S. 539 (1974). As held in Wolff v. McDonnell all inmates receive a copy of incident/disciplinary report at least 24 hours prior to disciplinary hearing to allow inmate opportunity to prepare defense (as well as all other procedures held as mandatory to provide DUE PROCESS to inmates).

10. ORDER Defendants to provide all inmates a variety of KOSHER trays (Jews/Muslims/Christians/Rastafarians) while ordering sealed foods to avoid contamination of KOSHER trays specifically hair and other dirt often upon KOSHER TRAYS inmates receive. As cereal, fruit cups, peanut butter, lettuce often contaminated whereby Kitchen supervisors can ORDER those things/items sealed to ensure they are kosher when served to inmate in compliance with Leviticus chapter 11. Moreover, properly train Kitchen workers and housing unit officers about correct handling of KOSHER trays to ensure inmate's rights to free exercise of religious beliefs not violated at GCJ.

11. ORDER Defendants to allow inmates to wear Kufi/Crown/Kippah and/or religious headgear while housed at GCJ and create procedures where indigent inmates can obtain religious headgear from Chaplain while allowing richer inmates to purchase religious headgear (SUBJECT TO INSPECTION AT ANY TIME BY ALL/ANY STAFF/OFFICER).

12. ORDER Defendants to provide Rice a NO MEAT - CAN EAT FISH ONLY KOSHER diet ORDERING A VARIETY OF KOSHER MEALS RICE (OR SIMILARLY SITUATED INMATES) can eat while exercising their religious beliefs.

13. ORDER Defendants to provide Rice proper examination and/or all medications needed to avoid unnecessary pain/suffering, mental anguish, stomach cramps, heartburn and/or ulcers & acid reflux ~ ABATE DELIBERATE INDIFFERENCE TO RICE'S MEDICAL & MENTAL HEALTH NEEDS (including Rice's dental needs for root canal to avoid unnecessary suffering/pain from broken tooth).

14. ORDER Defendants to enjoin policy denying inmates in medical unit access/ability to order/receive all commissary items, holiday bags, coffee, etc. that all inmates in general population get and/or can order. (CEASE/ABATE DISCRIMINATORY POLICY THAT DENIES DISABLED INMATES ACCESS TO FOODS/COMMISSARY ITEMS THE INMATES WITHOUT DISABILITIES GET).

15. ORDER Defendants to abate denying inmates 5 hours of Recreation outside of of cell without reasonable penological justification and/or finding of guilt within disciplinary hearing affording inmate DUE PROCESS in disciplinary proceedings.

16. ORDER Defendants to abate/enjoined Ramadan procedures/policy that denies all participating Muslim inmates two hot meals (nutritionally equivalent to meals all inmates whom do not participate in Ramadan) receive at regular schedule meals/times. All inmates have a right to, at least, two hot meals everyday including Muslim inmates who participate in **Ramadan fasting** as well as all other inmates housed at GCJ.

17. ORDER Defendants to cease/abate taking Bible, Quran and legal papers from an inmate placed on suicide watch at GCJ because denying inmate a Bible, Quran and/or legal documents violates that inmates First Amendment rights to free exercise of religious beliefs as well as access to Court to prepare for trial/defense/claims.

18. ORDER Defendants to abate all retaliatory acts toward inmates who exercise constitutional rights in violation of Booker v. S.C. Dept. of Corr., 855 F.3d 533 (4th Cir. 2017) and Crawford-El v. Britton, 523 U.S. 574 (1998) including the first step using jail grievances making them readily available so inmate can maintain a peaceful/civil way to report/redress any/all grievances concerning their conditions of confinment at GCJ.

19. ORDER Defendants to implement procedure for "medication pass" that prevents Muslims, Jews, Christians, Rastafarians, etc from being force to drink unclean water while properly training/supervising medical staff to ensure that all medical staff allow free exercise of religious beliefs while providing inmates KOSHER water and/or making sure Muslims, Jews etc aren't forced to drink unclean water as mandated in Leviticus 11:33-34.

20. ORDER Defendants to provide Rice list of ALL INDIGENT inmates, ALL inmates who have medical requests to staff, ALL inmates who are Muslim, Jewish, Rastafarian, ALL Rice's medical records since September of 2018 and/or all inmate housed at GCJ whom representing them-self in Court ~ Name/Register #...

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

GUILFORD COUNTY JAIL
OR..
(AKA) GREENSBORO CENTRAL JAIL

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [x] Do not know

UNAVAILABLE ON KIOSK WHILE JAIL OFFICIAL DENY GRIEVANCE FORMS I'VE BEEN REQUESTING SINCE AROUND LAST CHRISTMAS OF 2021

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [ ] Yes
- [x] No
- [x] Do not know

If yes, which claim(s)?

DENIED ACCESS TO GRIEVANCE PROCEDURES (IF THEY EXIST) AT GCJ.

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

DENIED ABILITY TO FILE ANY TYPE OF GRIEVANCE AT JAIL (GCJ).

2.  What did you claim in your grievance?

N/A

3.  What was the result, if any?

N/A

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

DENIED GRIEVANCE FORMS OR ABILITY TO FILE AND JAIL POLICY AUTHORIZE SUCH UNCONSTITUTIONAL ACTIVITY AT GCJ.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

NOT AVAILABLE ON KIOSK AND ALL STAFF DENIED ME GRIEVANCE FORMS I'VE BEEN REQUESTING SINCE 12/26/21

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I TOLD STAFF & INMATES ABOUT HOW MY RIGHTS ARE VIOLATED AND I AM FILING 1983 IN FEDERAL COURT.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

NOT AVAILABLE TO ME AND I'VE SENT REQUEST TO CLASSIFICATION SINCE 1/14/22 ~ NOT RESPONDING ~ MISCONDUCT

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* CONTINUES EXACERBATING MY INJURIES ~ NEED TIMELY HELP!

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

- [ ] Yes
- [x] No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________

   Defendant(s) ______________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______________________

3. Docket or index number

   ______________________

4. Name of Judge assigned to your case

   ______________________

5. Approximate date of filing lawsuit

   ______________________

6. Is the case still pending?

   - [ ] Yes
   - [ ] No

   If no, give the approximate date of disposition. ______________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ______________________

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________

   Defendant(s) ______________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______________________

3. Docket or index number

   ______________________

4. Name of Judge assigned to your case

   ______________________

5. Approximate date of filing lawsuit

   ______________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition ______________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ______________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/10/22

Signature of Plaintiff [signature]

Printed Name of Plaintiff NATHANIEL RICE

Prison Identification # 113728

Prison Address 201 S. EDGEWORTH ST

GREENSBORO (City) N.C. (State) 27401 (Zip Code)

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Address ____________

City ____________ State ____________ Zip Code ____________

Telephone Number ____________

E-mail Address ____________

Jail and/or Greensboro Central Jail (GCJ). In 2003, K-9 officer T. Smith (K-9 Smith) harassed another inmate at GCJ (allowing K-9 dog to walk on/over that inmate's commissary food K-9 Smith had thrown on the ground) and Rice spoke out against K-9 Smith reporting/redressing K-9 Smith's misconduct to supervisory officials/staff at GCJ; thereafter, on February 5th 2003, K-9 Smith conspired with Lt Woods, ofc Graham, ofc Villabbos and other officers at GCJ who came to Rice's housing unit, slammed Rice into concrete floor and held Rice down on the ground while K-9 Smith forced the K-9 dog to attack Rice causing serious injuries. (Rice filed jail grievance about this retaliatory excessive force).

Rice still suffers with those serious injuries requiring medications, medical accommodations and/or proper care for torn ligaments in Rice knees/ankles/feet (with small fragments of bones in Rice's ankles caused when dog bit Rice's ankles), Rice's foot deformity, Rice's severe back injuries (whereby Rice experiences extremely painful back spasms/sharp pain) and scars (both physical/visual laceration scars as well as mental scars/pain or injuries) Rice continues to suffer with daily (including P.T.S.D, severe anxiety, depression, paranoia & bipolar).

In addition, in October of 2018 Rice was in custody at GCJ and staff denied Rice proper medical assistance, accommodations and/or care being denied adequate medications/medical care (in a timely manner) as well as Rice's need/right to a Kosher NO MEAT - CAN EAT FISH ONLY tray/diet. Rice filed formal grievance form(s) and spoke out against being denied proper medical care and adequate food that complied with Rice's medical condition(s) and/or religious beliefs. After being denied food for over 10 days, Rice was taken to medical and Rice began to speak out against staff violating Rice's rights and Medical ofc John Doe #1 (believed to be told Rice "Shut up that mouth... I remember you... you was at the old jail and we put that dog on you... you always complaining... I see you still ain't learned to shut up!"

Rice continued to speak out against being **denied** medications and adequate food (that abides with his medical/religious status) as ofc JD#1 approached Rice putting gloves on and attacked Rice (who was sitting in a wheelchair, handcuffed with a belly chain around Rice's **waist**). Rice suffered serious pain/injuries including back pains, swelling/bruises on his face/head/neck/shoulders/wrist and significant mental anguish/trauma as well. Rice reported this assault orally and/or **reported**/redressed this excessive force filing jail grievance at GCJ.

On 12/26/21, Rice was arrested by officer D'ANDREA & officer Jane Doe #7 and charged with crimes when those officers lacked factual basis to justify charges against Rice. Rice told officers Rice needed his wheelchair but officials refused to give Rice the wheelchair from the automobile — dragging, carrying & pulling Rice into GCJ. Rice screamed for help as officers Booking officer John Doe #2 AND John Doe #3 drug Rice by steel handcuffs & shackles (while Corporal Goodman and Lt/Sgt. John Doe #4 observed) **when Rice needed**

and requested a wheelchair.

Rice informed staff about his medical injuries including torn ligaments in his knees, feet/ankles, his feet/ankle deformity/disorder, his serious back injuries/spasms/pain, his shoulder injuries, his nasal/sinus ailment, anemia disorder, stomach injuries/ulcers, silent carrier of alpha thalassemia disorder, severe chills and stomach ailment requiring no meat can digest fish only accommodation and/or his religious/medical need for a KOSHER NO MEAT tray (CAN EAT FISH ONLY). Rice informed staff that he had a wheelchair in his car but officers refused to allow him to get his wheelchair so he needed a wheelchair to ambulate; nonetheless, jail officials drug Rice to a booking cell, denied Rice a mattress, denied right to blanket to avoid severe chills, denied Rice adequate food he could eat (medical and religious requirements) and/or intentionally forcing Rice to suffer being drug across floor/booking area then forced to lay on cold concrete floor for 2-3 days — in booking cell with no running water or toilet, mattress or blanket.

Rice told Med. Booking Nurse Jane Doe #1, Booking Officer John Doe #2, Booking John Doe #3, Booking Officer John Doe #5 and staff in booking area (including supervisory staff in booking area); moreover, Rice begged all staff who did rounds as Rice balled up in his shirt, shivering and often crying from pain and chills. Staff were indifferently to all Rice's medical needs while denying Rice sick-call forms, written request forms, grievance forms, paper, envelopes, pencils, pens, access to KIOSK, ability to use KIOSK, stamps and/or anything Rice requested or needed to redress grievances. Rice was denied a KOSHER NO MEAT (CAN EAT FISH ONLY) tray in booking and days passed as Rice shivered and cried from pain/chills. Rice was balled up inside his shirt, shivering and crying when Senoir officer Paschal came to booking (along with other officers) and opened Rice's assigned door and ordered Rice to show his face. Rice showed Sen. ofc. Paschal his face/head and Paschal smiled/laughed then stated "that's Rice... the K-9 dog bit him good at the old jail.. take him to the hole.."

Rice was allowed to use a wheelchair to get from booking area to the 5th floor (aka "the hole") and Rice was given a mattress and blanket; but denied a NO MEAT-KOSHER-(CAN EAT FISH ONLY) tray and denied

ability/right to use wheelchair inside his assigned cell in 5D unit. Rice's religious beliefs require Rice to wear Kufi, take regular showers, eat KOSHER foods, eat FISH only and/or not drink from unclean vessel/jugs; however, Sheriff Roger's (along with other supervisory staff's) policies/procedures prohibit inmates from freely exercising their religious beliefs denying inmates Kufi's, regular showers, vegetarian (CAN EAT FISH ONLY DIET * KOSHER) while forcing Muslim, Islamic or Jewish inmates to drink unclean water to take medication without a reasonable penological justification that satifies Turner test. (*NOTE* Muslims also denied 2 "hot" meals during Ramadan fasting.)

After Rice was placed in hole between 12/29/21-1/5/22, Sgt Klipstine came to hole, opened Rice's assigned cell, assaulted Rice (while handcuffed on floor) causing numerous bruises, swelling, bloody lacerations on Rice's arms, wrists, back, shoulder injuries as well as exacerbated Rice's preexisting back injuries and/or medical conditions forcing Rice to suffer painful back spasms and severe chills (denying Rice a mattress & blanket for days). Rice informed Sgt. Klipstine about Rice's medical need for additional/extra blanket(s) and mattress (to avoid severe chills and unnecessary pain/suffering/exacerbation of Rice's pre-existing injuries); nonetheless, Sgt. Klipstine responded "don't care about [Rice's medical condition.. ..Rice] can't have a mattress or blanket".

Medical refused to assess Rice's injuries from being assaulted by Sgt. Klipstine (with other staff) when Rice orally requested medical care for Rice's injuries (while staff denied Rice access to KIOSK, sick-call forms, written request forms, grievance forms, paper, envelopes, stamps and/or ability/access to law library to research/prepare legal documents/defenses for Court (to be able to petition government to redress grievances)). In January of 2022, Sgt Young brought Rice a written request form to sign to receive a KOSHER tray (while Rice housed in hole until 1/5/2022); nevertheless, jail officials/staff continued to be deliberately indifferent to Rice's medical condition(s) and religious beliefs denying Rice ability to eat trays because Rice required/requires VEGETARIAN - KOSHER TRAY (CAN EAT FISH ONLY) based on religious/medical status. (Rice also denied medications needed).

Rice was denied ability to receive incoming mail and provided one opportunity to take a shower before staff moved Rice to 2B housing unit on January 5th 2022. (*NOTE* On 1/5/22 Nurse Practioner McNeil, Sgt. Young and ofc Crenshaw gave Rice the wrong mailing address for supervisory officials whom are government officials Rice wanted/attempted to petition to redress Rice grievances about what was occurring at GCJ; moreover, Med Nurse Practioner McNeil failed to provide (and/or prescribe) any medical accommodations/proper medications/medical care AFTER presented with

Rice's medical issues/injuries) M.N.P. McNeil told Rice she needed bloodwork done to confirm Rice is silent carrier of alpha thalessemia disorder(s). (*NOTE* Medical staff did not take blood from Rice until 2/3/22.) On 1/5/22 (when original request that Rice blood be evaluated/drawn) MNP McNeil also told staff that Rice needs a mattress & blanket (to avoid pain and severe chills), thereafter, ofc Crenshaw and Young put Rice in MEDICAL UNIT 2B and gave Rice a mattress and blanket. Rice averred to medical staff (and prison officials) that he had NOT eaten since 12/26/21 because Food Service AND MEDICAL AND CHAPLAIN Solomon refused to provide Rice a NO-MEAT KOSHER tray (CAN EAT FISH ONLY) for Rice's medical condition and religious beliefs.

In addition, when Rice was moved to medical unit 2B Housing Unit on 1/5/22, placement in 2B Housing Unit prevented/denied Rice an ability or right to receive coffee, holiday bag, snacks and/or foods that all inmates in general population (without disabilities) can receive/get so this policy/custom implemented by supervisors (condoned by Sheriff Rogers, Major Moore, Captain Johnson and Captain Rogers) clearly violates 14th Amendment Equal Protection Clause, violates Title II of ADA (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C § 794) - because it prevents & unfairly denies "disabled [inmates]" holiday bags, coffee, food...etc that jail officials give to inmates in general population (whom don't have disabilities/injuries) thereby discriminating against inmates/Rice based on his injuries or disabilities. <u>Penn. Dep't of Corr. v. Yeskey</u>, 524 U.S. 206 (1998) (Rice's disabilities are not exacerbated by snacks/coffee or holiday bag).

On 1/8/22, Rice spoke out against jail officials and policies that violate inmate's/Rice's constitutional rights and ofc. Blake got very angry telling Rice "[you] talk too much... you snitching ass NIGGER!! go to [your] cell your Rec is over!!!", forcing Rice to return to his assigned cell early (thereby violating Rice's right to 5 hours of Recreation per week) because he overheard Rice talking about filing a lawsuit in federal court to redress staff misconduct at GCJ. Ofc Blake FORCED Rice to return the tablet (which is needed to access the law library to research to prepare legal papers

for Court; moreover, Rice/inmates need a tablet to receive/view any incoming mail from community/family — which is protected speech/communication that 1st & 14th Amendments prohibit jail officials from abriging/obstructing) and ofc Blake refused to call a supervisory official to intervene (in timely manner) to abate his unconstitutional/retaliatory acts — or provide Rice a grievance form/tablet.

Rice continued to be denied grievance forms to redress his grievances in a timely manner and on 1/10/22 2B Housing Unit Officer John Doe #6 (JD#6) told Rice "[I] heard all about [you]...[you] can file your lawsuit but this is [my] world and [I] can do anything & everything [I] want to do denying [you] whatever [I] want boy"!! As alleged, JD#6 denied Rice the tablet, an opportunity to take a shower, Rice's hour of Recreation and JD#6 refused to give Rice an opportunity to receive his dinner tray on 1/10/22; furthermore, when Rice reported JD#6 to Lt Rouse, Lt. Rouse did not take steps necessary to ensure Rice got an opportunity to eat his dinner tray, a tablet, to take a shower or Rice's hour of Recreation (tacitly authorizing staff to violate Rice's rights exacerbating Rice's mental and physical injuries deny Rice "adequate food" and/or "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 833 (1994))

On 1/11/22, 2B Housing Unit Officer John Doe #7 (JD#7) denied Rice access to tablet, shower, Recreation and "adequate food"/dinner tray Rice could eat. Id At approximately 6:50pm, Sgt Klipstine came to Rice's assigned cell and Rice requested a supervisory Lt be called because Rice needed medical assistance experiencing extremely painful back spasms and being retaliated against by staff denying Rice access to things Rice needed IMMEDIATELY. Sgt. Klipstine and JD#7 opened the door assaulted/kicked Rice and took Rice's medically necessary mattress. Rice cried/begging staff to give Rice his medically needed mattress (in-

cluding 7pm-7am 2B unit officer John Doe #8 (on 1/11/22), ofc. Warren, Corp. King, Corp. Rodriguez, Lt Hobgood, Lt Crute, Lt Rouse, Captain Johnson and Captain Rogers; nonetheless, these supervisory officials/staff refused to intervene emanating deliberate indifference to medical accommodations/needs of Rice (who asked supervisors and D.A. to press charges for assault(s) and false statements of Sgt Klipstine & JD#7 who alleged Rice used mattress to block window while Rice averred videofootage of incident confirmed staff lied and should be charged under §14-225) (*Note* Rice wrote D.A Office/prosecutor in G'boro asking to press charges against staff.)

Rice suffered severe chills and painful back spasms until Lt Nelson instructed ofc Miles to give Rice Rice's medically necessary mattress; however, supervisory officials refused to perserve videofootage of incident on 1/11/22 between 6:45pm-7pm and press charges against jail officers who assaulted Rice and/or made false allegations about Rice (violating §14-225). In addition, on 1/12/22 at approximately 8:50am, Nurse Amanda refused to do a medical assessment of Rice's injuries from staff assault(s) (OR Rice's chronic care injuries) asserting she would only address Rice vital signs, blood pressure & heart rate (when Rice had obvious injuries Rice need medical assistance for including preexisting injuries Rice need medication for that Rice receive from Interactive Resource Center on Washington Street in Greensboro, N.C. before Rice's arrest on 12/26/21)

On 1/13/22, Dr. Sutton prescribed Rice mental health medications that Nurse Jane Doe #2 refused to give Rice during "medication pass" including on 1/15/22 while John Doe #8, duty/2nd Floor supervisory officer and duty Lt refused to take steps necessary to make sure Rice got medication Rice needed to receive every morning. Rice reported nurse(s) to Health Service/Medical supervisory officials including Sgt Clark, Lt Burley, Health Service Sup. S. Leach, Medical Director of Operations Chris and duty Lt; nevertheless, Rice denied medications, medical care, medical accommodations and/or adequate/proper medical assistance for all Rice's injuries/condition(s) — as well as proper NONMEAT-KOSHER-CAN EAT FISH ONLY diet.

On 1/13/22, Sgt Klipstine told ofc Thompson and ofc Lynch to deny Rice his Recreation hour, access to tablet and opportunity to shower; furthermore, Rice got 2B unit officer & other inmates to report staff misconduct on KIOSK including a request to Major Moore asking that medical unit get same things ALL

INMATES IN GENERAL POPULATION GET like holiday bags and opportunity to purchase coffee and/or all commissary items ~ thereby ABATING/CEASING the unfair policy that CLEARLY discriminates on disable inmates housed in medical units at GCJ. (NOTE - Captain had been presented this violation of Equal Protection, ADA and Section 504 of Rehabilitation Act; nonetheless, the unconstitional policy not enjoined.)

Rice informed various supervisory officials that he needed to be protected from Sgt. Klipstine and JD#7 (believed to be McLaughlin); however, supervisory staff including Mental Health Supervisor Elizabeth, Sgt Radford Sgt. Young, Lt. Hobgood, Lt. Rouse, Captain Rogers, Captain Johnson and/or all supervisory officials refused to protect Rice from JD#7 (and Sgt. Klipstine) who often would come into 2B Housing Unit, come to Rice's cell and threaten/harass/provoke Rice into INTENSE MENTAL ANGUISH/ANXIETY/PARRANOIA/PTSD and intentionally try, to exacerbate Rice's mental health. Rice requested 'Keep seperate' from Sgt. Klipstine and JD#7; nevertheless, supervisors refuse to protect Rice from staff who assaulted/tortured Rice (previously).

On 1/16/22 JD#7 came to Rice's assigned cell yelling at Rice saying "coward.. [Rice] scared to come out his cell!" (when Rice asked for a supervisor to protect/prevent Rice from being assaulted by JD#7). JD #7 got Rice denied tablet, Rec & shower; and, Lt Rouse refused to stop JD#7 who mentally/physically abused Rice often coming bragging to other inmates about Kicking Rice and Rice not "doing shit!!!" Rice "a coward!!!"

On 1/19/22, ofc. Handy taught Rice to use KIOSK and help Rice get correct login # and password. Rice began sending requests for all things Rice needed to Major Moore, Captain Rogers, Captain Johnson and/or supervisory staff who refused to intervene (providing medical care/adequate food he could eat/etc...) OR properly supervise staff to abate violations ~ of Rice's/inmates at GCJ rights.

On 1/22/22 Rice received a KOSHER non meat tray he can eat when ofc. Johnson called Food Service (while working 2B medical unit). Thereafter,

Rice was informed that Food SERVICE SUPERVISOR JOSH was gonna get KOSHER fish trays and/or a variety of KOSHER trays Rice can eat. Staff told Rice it would be unfair to force Rice to eat same Ravioli Cheese Kosher tray for lunch and dinner so supervisory staff would provide variety but it would take 1-2 weeks after Captain Johnson approves the order. (Rice began complaining of stomach cramps/constipation & bloody bowelmovements).

On 1/25/22 Rice evaluated by dentist for broke tooth. Dentist told Rice that Rice needs a root canal to properly treat Rice's broken tooth (to prevent/avoid unnecessary pain Rice suffered with); nonetheless, dentist REFUSED to take steps to provide Rice proper treatment for injury and gave Rice only Tylenol, Rice informed dentist Tylenol not preventing pain/suffering; and, dentist refused to provided adequate/proper medical care Rice needs (a root canal procedure).

On 1/31/22 Rice told Dr. Haq he was suffering excruciating pain in his back, stomach, tooth, shoulder, ankle/feet and/or all Rice's injuries including skin infection, nasal/sinus congestion/migraines, constipation (eating same CHEESE RAVIOLI tray for lunch/dinner everyday) as well as Rice's chronic care issues/injuries Rice being denied adequate medical care, accommodations/medications he needed. Rice reiterated that medical staff could contact I.R.C. on Washington Street, Moses Cone hospital or F.B.O.P. to obtain medical history and medications I should get in jail; but, Dr Haq refused to evaluate, examine and/or address **ALL** of Rice's medical injuries (in timely manner) and told Rice "I will only order TUMS!" for Rice's stomach cramps/ulcers/pain/reflux that was causing Rice to vomit food he ate (becoming worst daily).

On 1/28/22 - 1/30/22, ofc Fernandez refused to provide Rice tablet and told Rice Sheriff Rogers policy instructs staff to deny inmates on disciplinary, a tablet so Rice reported this to supervisory officials because that impaired, obstructs, abridged Rice's right to research to properly redress grievance in Court, research to prepare defense for Court, daily access incoming mail from community/family and/or

abridging the protected speech/communication rights of those in the community that send Rice mail. Rice averred that he never received a disciplinary report and/or DUE PROCESS within disciplinary proceedings; furthermore, Rice advised supervisory and staff that clearly established laws set forth in Wolff v. McDonnell, 418 U.S. 539 (1974); Procunier v. Martinez, 416 U.S. 396 (1974); Bounds v. Smith, 430 U.S. 817 (1977); Johnson v. Avery 393 U.S. 483 (1969) _ ALL PROTECTED RIGHTS that were being denied or abridged refusing to provide Rice a tablet at G.C.J. (1st, 5th, 6th, 8th & 14th)

Rice was denied grievance forms and on 1/29/22 ofc Fernandez gave Rice spoiled milk with Rice's breakfast tray and forced Rice to keep milk in his cell (causing Rice to vomit MORE, feeling nauscious and/or experience intense stomach cramps & pain). Rice requested ofc Fernandez call Food Service or Corporal/Sgt/Lt and he refused telling Rice "Keep that milk in your cell"... smiled and left (denying Rice's right to report/redress his misconduct in a timely manner).

Rice's inability to redress grievances (in timely manner) **worsens** Rice's mental health, stomach pain/cramps, stress/anxiety naturally creating desire(s) to react in a violent/destructive manner to obtain justice (being denied nutritious meal, proper medical care, adequate food and any violation of his rights ~ while staff also deny/prevent/delay an inmate's ability to civilly/peacefully redress/report Rice's grievance(s) to abate/cease/redress violations of policy or an inmate's rights!!!) [NA TIMELY MANNER]

On 1/29/22 Ofc J. Williams denied Rice tablet, grievance forms and Rice asked Sgt Young for disciplinary tablet so he could access law library. Sgt Young also informed Rice needed grievance forms and ability to use law library, get incoming mail and proper medical care; moreover, Rice requested Sgt Redford provide these things as well as contact Classification Ofc. Southern to gain access to law library get all staff denied Rice access to these things in a timely manner.

On 1/31/22, Rice begged for grievance forms, manilla folder and postage to mail §1983 to Court; but, Sheriff Roger failure to properly train/supervise staff (and/or direct/tacit authorization to deny Rice grievance form's & "legal assistance" needed to

petition government to REDRESS ALL Rice's GRIEVANCE(S) - IN A TIMELY MANNER) thereby indirectly/directly causing & allowing Rice's INJURIES to exacerbate/worsen while unconstitutionally abridging, obstructing, impairing and/or delaying Rice's right OR ABILITY TO "ACCESS [THE] COURT" TO ABATE THE ONGOING STAFF MISCONDUCT, pain, suffering, mental health EXACERBATION(S) as well as denial of PROPER/ADEQUATE medical accommodation(s) & care occurring at 'GCJ'. Bounds v. Smith, 430 US 817, 824-825 (1977); Johnson v. Avery, 393 U.S. 483 (1969); see also ERICKSON v. PARDUS, 551 U.S. 89, 90 (2007) AND WASHINGTON v. HARPER, 494 U.S. 210 (1990) (holding CORRECTIONAL FACILITY HAS RIGHT - duty - to make sure all mental health inmates get MEDICALLY NECESSARY MENTAL HEALTH MEDICATIONS).

Rice asked Sgt. O'LEARY, ofc. J. Williams, ofc. PEACOCK, ofc Coleman, Corporal Utrera, Classification Ofc. Southern, Lt. Rouse, Chaplain Solomon, Captain Johnson, Sgt. Redford, Corp. Taylor, Sgt. Neal, ofc. LYNCH, Sgt. Young, Lt. Burley, Lt. Nelson, Lt. HOBGOOD & Corp. Palma how to obtain "legal assistance" including large manilla envelope/folder, legal copies of legal documents and "stamps to mail them" to Court; and, although Chaplain Solomon (along with ofc. Coleman's constitutionally proper efforts to assist Rice) worked together with a few good officers at 'GCJ' to provide Rice his right to "ACCESS TO COURT" on 2/4/2022 (at appx. 7:20pm) - staff later informed Rice he would NOT be provided anymore large manilla envelopes when/if he needed them. Bounds, at 824-825. Id. (*NOTE* On 2/4/22, Rice gave ofc. CROSBY his §1983 civil compliant to be mailed to Court - at - 324 W. MARKET STREET - in G'BORO, N.C. 27401).

On 2/6/2022, Nurse Jane Doe #2 (believed 2 be Med. Staff ~~MONICA~~ ANGELA) denied Rice ALL medication "prescribed" by Dentist, Dr. Haq and/or Dr. Sutton so Rice asked 2B UNIT ofc. to report her misconduct to Sgt. O'leary who refused to intervene, properly supervise and/or abate her "deliberate indifference" in a timely manner (refusing to allow Rice to report his failure to intervene to Lt. Nelson - IN TIMELY MANNER - to REDRESS Rice's grievance to get his morning medication as "prescribed") Erickson, at 90. supra. On 2/7/22, ofc JD#7 came to Rice's assigned cell harassing Rice, denied Rice access to Rec, a shower, the housing unit TABLET and laugh about Rice's disabilities w/ other inmates.

On 2/8/22 ofc. Mclean & ofc. Fernandez denied Rice tablet and Sgt. Young (along with Sgt. Neal) refused to provide Rice ability to use law library or receive incoming mail (clearly creating indirect/direct chilling effect on Rice's First AMENDMENT rights) improperly/unconstitutionally abridging Rice's rights to UNOBSTRUCTED/UNIMPAIRED access based on GCJ policies that inherently prevent an inmate's daily access to incoming mail, law library, access to Court and/or restrict inmates ability/right to research/prepare legal documents for Court or to petition government to redress grievances in timely manner - because that inmate is on disciplinary status (DS) (thereby violating EQUAL PROTECTION, DUE PROCESS, FREEDOM OF SPEECH, ACCESS TO COURT and/or 1st/14th Amendment rights because non-DS inmates have daily access to law library & incoming mail). Furthermore, jail officials at GCJ place inmates on DS status in violation of DUE PROCESS in Wolff v. McDonnell while also using DS to deny inmates 5 hours of Recreation outside of cell every week. (Non-DS inmates normally get Rec at GCJ 6 hours per week).

It should be noted that Classification ofc. Southern (while never speaking to Rice face to face) would be contacted via KIOSK or via unit officers and Clas. Ofc. Southern would tell unit officers to deny Rice a tablet, tell Rice to use tablet on one hour outside cell (given 3 days per week on DS), tell Rice that Rice would be allowed to use law library on weekends, tell Rice to contact Chaplain for "legal assistance" (Rice requested to properly prepare/submit legal documents to Court) and Clas. Ofc Southern often lied about how Rice could maintain unabridged right to "access the Court" denying Rice access to law library while on DS - which was placed on Rice in violation of Rice's right to DUE PROCESS in DS proceedings.

On 2/11/22, ofc Thomas denied Rice tablet during Rice's hour out of cell and Rice showed ofc Thomas & Corporal Palma Class. Ofc. Southern's written response/instructions sent via KIOSK to Rice averring that Rice "could access tablet on hour out" for Rec during week; nonetheless, Corp. Palma & ofc Thomas told Rice he can't use tablet, receive incoming mail or research to prepare legal documents based on policy and Lt Hobgood ORDERS/instructions. Rice continued to be denied grievance forms to redress grievances via jail grievance procedures and around 2/4/22 Rice told ofc J. Williams Rice would be forced to add ofc J. Williams as Defendant in his §1983 because ofc J. William often worked 2B unit denying Rice ability to obtain grievance forms, legal assistance needed (such as addresses for Aramark Inc & Well Path Inc or copies - etc.) and refused to identify other staff who conspired to retaliate against Rice including all staff J. Williams said were talking/conspiring to take away Rice's ability to use wheelchair; thereafter, ofc J. Williams began retaliating more denying Rice tablet, Rec, hot showers and on 2/10/22 told inmates don't tell Rice when Sgt Redford comes into housing unit to abridge Rice's right to

report/redress Rice's grievances in a timely manner to prevent/abate additional staff misconduct.

On 2/10/2022 officer Holcombe told inmate she often feels bad/sorry for inmates who are denied proper/adequate medical care at GCJ. Rice began informing officers who worked 2B unit that the hot showers help his back, shoulders and/or injuries so he needs to be allowed to take showers daily around 12pm - 6pm (when laundry stops washing clothes that make water cool). Some officers allowed Rice to take hot shower between 12pm-6pm; however, ofc J. Williams conspired with other staff to make Rice take cold shower between 7AM - 10AM. On 2/14/2022 Rice experienced intense pain/depression/back spasms and laid in floor in tears from bowel movement and back spasms. Ofc. JD#7 came to Rice's assigned cell and laugh stating "Rice on his period!!! bleeding like a bitch!" - he laugh as Rice crying in his cell averring "we got your ass now!" Rice submitted multiple sick call request for proper medication/medical care for his SEVERE CONSTIPATION and/or back injuries; nonetheless, medical refused to properly/adequately prescribed medication to alleviate the bloody/painful bowel movements or back spasms Rice suffered as medical staff Knew of Rice's serious medical ➡ injuries. (Rice splits anus/rectum every bowel movement).

On 2/16/22, Nurse Jane Doe #2 or #3 forced Rice to take medication with "unclean" water and told Rice to file a grievance (Captain Johnson told them to put unclean water on Rice medication). Rice requested grievance form(s) and denied grievance; however, Rice reported this procedure being used to Health Service Supervisor S. Leach, Captain Johnson, Captain Rogers, Major Moore, Sheriff Rogers. Lt Burley and Sgt Clark whom refused to intervene and properly train staff to refrain from using "unclean" water on Rice (and/or any Muslim, Jew, Rastafarian or Christian's medication). See Leviticus 11:33-34; see also I Corinthians 3:16-17.

Rice informed supervisory officials including Captain Johnson, Captain Rogers, Major Moore, Sheriff Rogers, Medical Operations Director Chris, Mental Health Director Jane Doe #5, Mental Health Supervisor Elizabeth, Chaplain J. Solomon, Food Service Supervisor Josh, Lt Burley, Sgt Clark, Lt Nelson, Lt Hobgood, Lt Rouse and/or Lt. Crute that eating Cheese Ravioli everyday for lunch and dinner caused severe constipation, Rice need grievance forms, Rice needed legal assistance to redress grievances, putting unclean water on medication violated Rice's religious beliefs, medical staff often denied Rice medication(s) Rice needs, officials were retaliating against Rice for exercising his First Amendment rights (including Captain Johnson) and/or that Rice was being denied his right to variety of meals; however, all supervisors refused to intervene, abate the various transgressions of Rice's rights and/or abate the staff misconduct in timely manner.

Rice did various medical release forms to obtain medications/medical records (from prior to being arrested) in February/January of 2022; nonetheless, Rice still denied proper medications Rice needed to avoid unnecessary pain/suffering ~ including proper pain medication, **stool softeners**, stomach medications and/or adequate medications for all Rice's injuries & pain level. Captain Johnson refused to order a variety of foods Rice could eat and even when informed that the food **Rice** received was causing injuries/painful medically suffering/condition causing bloody bowel movements Captain Johnson deliberate indifference to Rice medical needs remained obvious as Rice rights to Equal Protection warranted his ability to get a variety & the contract with Aramark Inc set forth contractual duties to provide all inmates a variety of adequate food. (Religious beliefs and medical inability to eat meat emanates violation of 1st, 8th, 14th Amendment, RLUIPA, RFRA, 504 of Rehabilitation Act and ADA legislation as well violated denying inmate variety of foods in abidance with Religious/medical status). (* Medical staff, unit **officers** and Sgt(s)/Corporals who did rounds saw bloody tissues around toilet from painful/bloody bowel movements and Rice denied proper medical care for serious/severe constipation & heartburn caused by eating cheese ravioli every lunch & dinner) (NOTE - Rice denied proper medication for ulcers/acid relux.)

Throughout February Rice requested proper medical care for Rice's broken tooth, back spasms, severe constipation, nasal injuries, carpal tunnel as well as other injuries resulting from staff assaults against Rice; nevertheless, medical staff denied Rice proper/adequate medications Rice needed as supervisory officials allowed medical staff to deny Rice's medications and/or proper medical accommodations/care for Rice's injuries. (Rice **stomach** becoming worst **daily**) (ulcers/acid reflux)

On 2/19/22, Medical Nurse Jane Doe #3 (believed to be Monica) refused to give Rice all of Rice's needed medications ~ (while putting unclean water on the only medications offered to Rice). After Rice begged for all his medications (as prescribed by Dentist Burnette, Dr Sutton and/or Dr Haq), Rice took dose cup and as he poured off/out the unclean water, Ofc. Harnett grabbed Rice's arm, slammed Rice's arm in food slot repeatatively and snatched Rice's medications out Rice's hand to prevent Rice from taking his morning mental health medication(s). Rice was injured and requested Lt Nelson be called so Rice can report/redress grievance (in timely manner) to obtain medical assessment; however, Corporal Hall came, refused to instruct medical to provide Rice's medication and/or **to** medically assess Rice's injuries (while denying Rice ability to report his/medical misconduct to Lt Nelson to abate deliberate indifference).

Rice reported Corporal Hall & Med. Nurse Jane Doe #3 to ofc NDUPU, Sgt Redford & Sgt Robeson requesting that supervisory officials intervene and take steps to ensure Rice got his morning medications (between 7am-9am); but, they refused to intervene, properly supervise/train and/or abate the deliberate indifference towards Rice's medical needs in a timely/constitutional manner. On 2/20/22, Nurse Jane Doe #3 refused to give Rice his medication (putting unclean water on Rice's medications) and Rice requested that Lt Nelson be called to report/redress his grievance in a timely manner. Ofc. Henry called Sgt Oleary (and ofc Henry explained GCJ policy prevented unit officers from calling medical or Lt. Nelson). Sgt Oleary refused to proper intervene and/or instruct medical staff to abate their deliberate indifference of Rice's medical needs. Rice explained that Rice wanted to report Sgt. Oleary to Lt. Nelson (in a timely manner) so he could get medications Rice needed to avoid unnecessary pain/suffering as well as unnecessary mental anguish; however, Sgt Oleary refused to allow Rice to report/redress medical and Sgt Oleary's misconduct to Lt. Nelson and Sgt Oleary assaulted and/or attacked Rice ~ causing serious injuries to Rice including back, shoulder, wrist and neck injuries ~ as well as lost of hearing in Rice's ear(s).

It should be noted that Rice was sitting down on his mattress at his cell door when Sgt Oleary open his cell door and attacked Rice (rather than call his supervisory so Rice could exercise his constitutional right to report/redress his grievance in a timely manner); furthermore, Rice posed no immediately threat to anybody or any officer to justify use of force ~ and/or attacking Rice (a handicap inmate begging for all of his medication(s)). On 2/20/22 when Sgt Burns arrived Rice asked Sgt Burns to protect Rice from Sgt Oleary and Sgt Burns was informed that Rice needed a wheelchair and all medications prescribed by Dr Haq, Dr Sutton and/or Dentist Burnett; but, Sgt Oleary told Sgt Burns to hog-tie Rice and carry Rice to cause additional pain and/or injuries to Rice ~ when Rice and Dr Haq medical ORDER informed Rice needed wheelchair.

Rice screamed/yelled from pain as Sgt Burns & Sgt Oleary carried Rice and rammed Rice's head into another officer's buttocks. Rice was carried to booking floor and dropped on concrete floor in cell without a toilet. Rice informed Lt Nelson he had been attacked by Sgt Oleary when he needed his medications and Lt Nelson refused to intervene to ensure Rice got all of his medication and/or medical attention for his injuries. Rice told Lt Nelson medical staff was violating his religious beliefs putting unclean water on his medication.

Although Rice begged Lt Nelson to put "Keep seperate" on those officers who had previously assalted Rice; nevertheless, on 2/20/22 between 6:55am - 7:10am Lt Nelson refused allowing (both) Sgt OLeany to push Rice in wheelchair, as ofc McLaughlin (JD#7) walked along with Rice and other staff (while Rice had extreme anxiety attacks and/or exacerbating mental anguish/health episodes) as Rice pleaded with Lt. Nelson to force them to stop harassing Rice as Lt. Nelson aided/abetted those officers who escorted Rice back to 2B housing unit to confiscate things in Rice's cell, throw Rice's legal paper around on ground and spilled water/liquids on Rice's legalwork. (*NOTE* Lt Nelson threatened to take papers Rice had received from staff/supervisors and used to prepare **Rice's amended § 1983 complaint.**)

At approximately 8am on 2/20/22, ofc. Coward returned Rice's medically necessary blanket, Rice's shampoo, soap, toilet paper, deodorant and other things Lt. Nelson (along with the other officers who escorted Rice back to 2B housing unit) had improperly confiscated from Rice's cell. Rice told Sgt. Redford and ofc Coward that Nurse Jane Doe#3 & #2 had refused to give Rice his morning medications, refused to medically assess Rice (after Sgt OLeany and others on Lt. Nelson's shift had assaulted Rice and/or injured Rice between 6:25am - 7:10am) and Lt Nelson refused to intervene (as well as properly supervise such staff misconduct); moreover, Rice requested that ofc Coward and Sgt Redford inform Lt. Hobgood to abate this deliberate indifference to Rice's medical needs. (It should be noted that around 9am - 10am Rice had extremely painful bowel movement and ofc Coward was shown Rice's bloody tissue as Rice wiped his anus/rectum split because medical denied Rice stool softeners he needed while FOOD SERVICE SUPERVISORS forced Rice to eat cheese ravioli trays for every lunch and dinner since January 22nd 2022; furthermore, med. Nurse often denied morning fiber pill.)

Rice repetitively asked ofc. Coward to contact Lt. Hobgood and (between 12noon and 1pm) ofc. Coward told Rice write down what happened and ofc Coward told Rice he would give Captain Rogers his letter/grievance/petition to redress what occurred so Rice did a "sensitive grievance" for "Captain Rogers, Major Moore and/or Sheriff Rogers" that was given to ofc Coward around 5:10pm - 5:25pm.. (around same time that ofc Coward and Nurse Amanda gave Rice Kosher water to take his night med's including Rice stomach medications, 30mg of Busipar, 50mg of Amyptriptline, 650mg of Tylenol as well as the yellow pill (Rice normally takes with 800 Ibuprofen via/at IRC).

On 2/20/22 (appx 7:30pm - 8pm) Lt Nelson, Sgt Oleary and Sgt Burns came to Rice's assigned cell in 2B housing unit and told Rice "pack up your property because you're moving" to the hole on 5th floor. As staff moved/escorted Rice to the "hole", Lt Nelson told Rice that Rice's sensitive grievance and/or letter for Captain Rodgers was given to Lt Nelson. (In addition, it should be noted that previously (between 6:35am - 7:10am on 2/20/22) 2 or 3 inmates in 2B housing unit cheered as Sgt Olearly attacked Rice and "beat Rice up". Inmates actually told Lt Nelson to move Rice out of 2B unit when Lt Nelson brought Rice back to 2B unit after Rice was held in booking for appx 20 minutes after Rice assaulted by Sgt Oleary; and, Lt. Nelson refused to move Rice telling those inmates to "mind your own business" Rice "staying where he's at!" However, 12 hours after returning Rice to cell # 12 in 2B unit (AFTER RICE FILED SENSITIVE GRIEVANCE TO/FOR Lt NELSON'S SUPERIOR OFFICER), Lt Nelson, Sgt Oleary and Sgt Burns subsequent decision to put Rice in hole was obviously because Rice exercised his right to petition governmental supervisory officials to report/redress what occurred to Rice.) (*NOTE* Corporal Rodriguez gave Lt Nelson Rice's sensitive grievance.)

Although Lt. Nelson averred that Lt. Nelson had Rice's petition/letter to report/redress Sgt Oleary's assault against Rice - that grievance also reported Captain Johnson who conspired with all Lt's to deny Rice a wheelchair from 2/20/22 until 3/27/22 when Rice was moved back into medical unit and given a wheelchair (Rice should have received no later than January 31st 2022 when Dr Haq approved Rice to use/need wheelchair based on Rice medical injuries). Rice was denied showers, trays/meals, medication(s), medical assessments, cleaning supplies, legal assistance and/or grievance forms to try and abate the onslaught of staff misconduct Rice was subjected to while in "hole" including on 2/21/22 when Lt Nelson came with medical nurse and refused to make sure Rice received all his medications and a medical assessment for his injuries caused by Sgt Oleary. (On 2/21/22, ofc. Coward told Rice he gave Rice's grievance to Corporal Rodriguez)

Rice informed Lt Nelson Rice need stomach medication to avoid ulcers and/or exacerbating his stomach injuries; nonetheless, supervisory staff refused to take steps necessary to ensure Rice received all Rice medications as Rice held in hole being

denied medications that caused Rice to vomit blood daily and/or bloody bowel movements that were/are extremely painful, unnecessary and/or unconstitutional.

On 2/21/22 ofc Torres and Valentine told Rice that Rice will no longer be allowed to use wheelchair; furthermore, Nurse Anissa was in medical allowing Lt Crute and Sgt Wallace to disregard Dr Haq order on January 31st 2022 to provide Rice with a wheelchair while other staff confirmed Captain Johnson instructed staff to deny Rice wheelchair. Rice submitted over 10 sick call forms, 3 commissary sheets, ofc Fernandez & ofc Coward given letters and request forms (in February & March). Officer(s) A. Williams, ofc Martin, ofc Ocampo, Sgt Paschal, Sgt Garnett, ofc Clark, ofc Reid, Sgt Oleary, Lt Rouse, Lt Crute, Lt Nelson, Lt Hobgood, Sgt Wallace, ofc Priest, ofc Terry, Disciplinary Ofc Hairston, Disciplinary ofc John Doe #10, ofc Parker, Med. Nurse #2/#3/#4, Mental Health Director Jane Doe #5, Medical Director of Operations Chris, Mental Health Supervisor Elizabeth, Health Service Supervisor S. Leach, Lt Burley, Sgt Clark, ofc McCallum, ofc Roseboro, ofc Coward, ofc Lankford, ofc NDUPU, ofc Warren, ofc Driver, ofc Farrow, ofc Rivera, Sgt Obelar, ofc Miller, Nurse Peterson, Nurse King, ofc Figretti and/or all medical staff/officers who worked/came to hole from 2/21/22 until 3/25/22 conspired to retaliate against Rice denying Rice everything including showers, medications, meals, wheelchair, request forms, sick call forms, legal papers, medical assessment of Rice's injuries, Due Process in various disciplinary hearings, access to Court and/or access to law library to properly prepare legal documents for Court.

Rice informed all disciplinary hearing officers that Rice never received a copy of disciplinary incident report; nonetheless, Rice was denied Due Process and found guilty of committing prohibit acts that contributed to Rice being denied incoming mail as well as inability to redress grievances to abate onslaught of staff misconduct and/or injuries Rice experienced because of staff misconduct. (*Note* Rice needs discovery procedures to ID all medical staff and jail officers involved in retaliatory acts and/or staff misconduct).

Rice was denied recreation out of cell from 2/21/22 until 3/25/22 and the only time Rice came out cell was to go to medical on 3/4/22 and Rice still was denied proper medications needed to abate painful bowel movements, painful back spasms, vomiting blood/food/liquids and/or adequate medical care/accommodations Rice begged for daily. On 3/3/22 Rice begged for his medications and Lt Rouse, ofc Lankford and ofc Roseboro came into Rice assigned cell, kicked Rice twice and took all Rice cosmetics, pens, soap, shampoo, lotion and/or things Rice had obtain thru

commissary; furthermore, when Rice begged for his prescribed medications ofc Roseboro told Rice "I hope you die in there _ FUCK you and your medication!" Rice continued to beg for his medication; nonetheless, Lt Rouse refused to intervene and take steps to ensure Rice got the medications Rice needed in a timely manner.

On 2/22/22 ofc JD#7 kicked Rice's door and Rice was laying at door unable to see who kicked door; but, when ofc Mclaughlin said "old cripple" Rice recognized his voice and responded "who are you" to which ofc JD#7 said "your worst NIGHTMARE!!!" Although Rice continued to request that keep separate be put on ofc Mclaughlin; Sgt Klipshire and Sgt Oleary; nevertheless, supervisory officials refused and Rice was almost killed by Sgt Oleary, ofc Martin, Corporal Norman and ofc Terry who conspired on March 18th-20th, 2022 to spray chemicals in Rice's food, water line and thru vents/walls spraying gas that cause Rice voice to change and Rice rolled up paper (as a straw) to breathe air under cell door when the chemicals sprayed thru vents affected his ability to breathe. Rice doesn't know what chemical it was but it turn Rice urine very dark for days and the water seemed very cloudy like it was contaminated with high levels of chlorine/chemicals.

Rice reported this to Corporal Norman requesting that he informed Captain Rogers & Lt Nelson so camera footage of whomever was behind the wall could be retained for Court; however, Corporal Norman refused stating "Rice you better watch yourself... we preying for you!!" (*NOTE* Rice specified to NOT "PREY for me _ but PRAY for me" _ spelling out the word _ Corporal Norman responded _ it's E prey _ as he nodded his head with blood shot eyes as if he was under a spell). In addition, Sgt Oleary cut off Rice cell's water forcing Rice to drink toilet water to avoid dehydration from 3/19/22 until 3/23/22. (*NOTE* ofc Martin admitted something was in Rice food 3/20/22).

Rice asked officers to return all items confiscated from Rice including Rice's thermal bottoms taken from Rice on March 21st-22nd, 2022 when Captain Johnson, ofc Parker and others took all legal documents, cosmetics, boxers and socks as well as toilet paper, Bible and Rice's Quran. While confiscating Rice's personal property, .. ofc Parker told Captain Johnson "Rice been trying to get medical attention/assistance for a while so maybe he trying to get medical care" as Captain Johnson put Rice on Suicide watch.

It should be noted that Rice would hear hissing noices while nodding off and

awaking to things being moved/taken out his cell. Obviously, chemicals were used to put Rice to sleep when/while officers would come inside cell to remove things or doing things in violation of Rice's rights. Rice is not sure exactly how it was happening; however, Rice came to on his feet and as if it was a dream he felt pain but was somehow medicated able to stand until the medication wore off causing excruciating pain forcing Rice to sit on table (whereby Rice nodded off and awoke on mattress on ground and clothes no longer in cell).

On 2/25/22 Rice overheard staff beating on another inmate who substained various injuries including a black eye, bruises, swelling, lacerations and/or serious injuries. Shortly after that inmate was put in his assigned cell jail officials brought medical nurse to do an assessment at appx 2:45pm; however, Rice yelled/screamed that Rice needed a medical assessment that medical staff refused to do on Rice and supervisory officials refused to instruct medical to do a medical assessment of Rice's injuries. Furthermore, everytime medical staff did medication pass in morning and night Rice yelled "Rice needs Rice's medications" and Rice had written signs/requests on door explaining Rice needed to be medically assessed and provided all medications needed for his injuries.

Rice was denied medical assessment until March 31st 2022 when Nurse Carrie had Rice do another medical release form for IRC. Rice was moved to 2H medical unit on 3/27/22 when Sgt Jamerson and Lt Crite moved Rice out of 2B housing unit and Rice received wheelchair with Nurse Carrie making some of Rice's needed medication get prescribed; nevertheless, Rice continued to be denied proper medication for Rice's back injuries, stomach injuries, lost of hearing, neck injury, chronic constipation and/or bloody/painful bowel movements Rice is forced to endure daily.

In addition, Lt Burley has implemented procedures for Ramadan that deny Muslims nutritionally equivalent meals all other inmates receive who don't exercise their religious beliefs to participate in Ramadan and all Muslims who participate in Ramadan are denied two hot meals. Ramadan participates get two breakfast trays (cold cereal & peanut butter) and one hot tray with vegetables, fruit and/or a balanced nutritious meal that Muslims should receive twice if/when they participate in Ramadan; nonetheless, supervisory officials refuse to correct Ramadan policy.

Guilford County Health Services Director's policy, Guilford County policy, Sheriff Roger's policy, Health Service Supervisor S. Leach's policy, Well Path policy, Aramark's policy and/or all supervisory officials listed as Defendants are enforcing policy/customs/procedures that tacitly/directly/indirectly authorize staff to violate Rice's rights while conspiring to cover-up staff's retaliatory acts denying/delaying proper medical care, proper medical assessments, jail grievance forms, access to law library/legal manilla envelopes/folders/stamps/paper/pens (all forms of necessary legal assistance to access the Courts) and/or ability to report/redress staff misconduct (in A TIMELY manner) while refusing to take necessary steps to protect Rice (other inmates who rights are violated) from additional unconstitutional treatment/transgressions/injuries/pain/suffering/mental ailments and/or possibly death (as some inmates at GCJ have died in 2021 being denied proper medical care or mental health care — including EATON and OWENS whose death occurred being denied properly medical assistance or proper/timely/daily medical assessments after going without eating food for 7-10 days).

Staff are well aware of recent deaths at GCJ that occurred when medical staff failed to do daily/proper assessments of inmate who didn't eat for 7-10 days and although Rice begged for KOSHER tray (he could eat) since 12/26/21; NONETHELESS, Rice was denied medical/religious accommodations he need from Chaplain Solomon and Dr Haq who conspired with Health Service Supervisor S. LEACH, FOOD SERVICE SUPERVISOR JOSH, Captain Johnson and others to deny Rice a KOSHER (NO MEAT — CAN EAT FISH ONLY—) tray — as heath service staff often refused to medically assess Rice who went almost 30 days without being provided a KOSHER tray Rice could eat — when BASIC COMMON sense to a lay-person or layman would realize after 7-10 days of not eating that person should be daily assessed vital signs, sent to hospital, force feed and/or mentally evaluated at mental institution where such inmates could/would be administered mental health medication voluntarily or involuntarily. SEE WASHINGTON v. HARPER, 494 U.S. 210 (1990)

It is indisputable that staff Knew/suspected Rice's mental heath **was deteriorating** and staff's delayed procedures/policies/customs are unconstitutional because Rice daily begged for proper medication(s) mental health and medical as well other medical

accommodations including a wheelchair, medical/religious KOSHER diet (NO MEAT, EXCEPT FISH ONLY), Rice BEGGED for his medication(s) when medical staff did medical pass and Rice consistantly/perpetually took steps to report this deliberate indifference, constitutional transgressions and/or retaliatory acts of staff to government supervisory officials whom allowed/condoned these denials/delays in providing Rice medical care, medications, medical accommodations and/or proper medical assistance which/that could have killed Rice resulting in death. Rice suffered serious injuries including malnutrition, dehydration, muscle atrophy, SEVERE WEIGHT LOSS, hunger/stomach pains, abdominal pains, exacerbation of stomach ailments, ulcers, vomitting blood daily, vomitting food/liquids, extreme stomach cramps/pain, bloody/painful bowel movements, constipation, heartburn, lacerations on wrists/ankles, strained/broken wrists, carpal tunnel, severe chills, severe/intense back spasms/injuries, migraines, nasal injuries/congestion, broken tooth, arthiritis, boils, rashes, skin infections, shoulder injuries, ankle/feet pain/injuries, retaliatory assaults, EXTREME ANXIETY ATTACKS, EXACERBATION OF MENTAL HEALTH INJURIES/TRAUMA, PTSD, PARRANOIA, SCHIZOPHRENIA, RACING THOUGHTS, DEPRESSION, INSOMNIA, LOST OF PROPERTY (shirts, thermals, cosmetics, etc.), ENLONGATED SUFFERING BEING DENIED ACCESS TO COURT OR SUPERVISORY government officials to petition government to redress grievances in timely manner, CHILLING EFFECT ON RIGHT TO FREE SPEECH OR REDRESS GRIEVANCES OR EXERCISE RELIGIOUS BELIEFS, DISCRIMINATORY denial of holiday bag, coffee as well as other commissary foods available to inmates in general population, denied DUE PROCESS to lose right to incoming mail and/or abridgment of access to Court obtained when inmate placed on DS, inability to visit family or prepare proper legal defense, for Court being denied visits/calls to family assisting pro se indigent inmate in preparation of Rice's legal documents/defenses for Court and/or RETALIATORY ACTIONS from staff EXACERBATING the preexisting injuries, allowing additional assaults & attempted cover up of staff misconduct at GCJ. SEE CRAWFORD-EL v BRITTON, 523 U.S. 574 (1998)

Rice's sincerely held religious beliefs were substantially burdened based on defendants denying Rice Kufi/Crown, denying Rice regular showers (defile not God's temple), defendants failure to properly train/supervise the preparation of Kosher trays (as well as Food Service Supervisor's Josh and Captain Johnson's refusal to order sealed cereal bowls/containers, sealed individual fruit cups/apple sauce, sealed peanut butter and other individually sealed servings of all Kosher food to prevent cross contamination (OR attempted poisoning/contaminates in all of Food Service's Kosher trays served at GCJ). Currently, the policy/procedures/supervision is indifferent allowing contaminates, hair and other unsafe foreign items/poison to be infused in Kosher trays and contaminated KOSHER trays prevented Rice from eating foods because they were not prepared in COMPLIANCE WITH LEVITICUS chapter 11; therefore, supervisory officials are violating

constitutional rights of Rice (Muslims, Jews, Rastas, etc.) and need to act immediately to change policy or procedures so inmates (including Rice) can be assured the Kosher trays served at GCJ are KOSHER trays when served to inmates in cells, housing units and/or at GCJ whom need ALL KOSHER TRAY SERVED IN ABIDANCE WITH LEVITICUS CHAPTER 11.

Inmates also denied Kufi/Crown/Kippah at GCJ when staff could easily **search** all religious headgear and allow inmates to wear their Kufi, Crown or Kippah; furthermore, it is well known exercise of religious beliefs that (upon request) chaplain J. Solomon could issue to/for indigent inmates and/or authorize to be sold in commissary to any child of God who hold sincere religious requirement(s) to cover crown of head as mandated in Holy scriptures.

GCJ policies charge all inmates money to visit family and such policy violates equal protection rights as well as discriminatory prohibitions against poor/indigent inmates who should be also provided an ability to maintain family ties to promote positive re-entry, promote justice/equality and simply maintain family/community ties to encourage poor inmates to do what's right without incurring debts/bills that often lead to bad decisions to make money. Clearly, 14th Amendment violated when an inmate unable to receive visits that rich inmates can receive ~ simply based on lack of funds and especially when that inmate is pro se defendant needing to visit with his family or person in the community to assist that indigent inmate in the proper preparation of his criminal defense or legal documents to petition government to redress grievances in timely manner.

Rice being denied visits with his brother abridges Rice's ability to properly prepare his defense for trial in criminal proceedings and properly present legal claims of constitutional violations in ongoing § 1983 civil actions in federal court; therefore, supervisory officials must implement NEW POLICIES AND PROCEDURES TO ALLOW INDIGENT INMATES (ESPECIALLY PRO SE INMATES) FREE VISITS and FREE PHONE CALLS ~ at least once/twice per month ~ to honor indigent inmates right to communicate with community/family and effectively have fundamentally fair opportunity to prepare legal defenses/claims for Court.

GCJ has policies that allow staff to deny/delay responding to request from inmates and such policies MUST BE ENJOINED) for obvious reasons ~ tacitly authorizing constitutional violations, they prevent transparency and work to promote staff misconduct. GCJ lacks structure and consistent policies/procedures whereby staff are properly trained/supervised and/or reprimanded when staff violates rights of inmates while Sheriff Danny Rogers's policy actually allows staff to deny an

inmate access to jail grievance procedures (which promotes chaos, disruptive behavior, violence and/or prevents an inmate's ability/right to civilly/peacefully resolve grievances/problems with officers/staff employeed at GCJ.

As many sister circuits have noted, inmates have a right to use jail grievances to petition government supervisory officials/staff to redress grievances in a timely manner (especially in light of 42 USC §1997e(a) making jail/prison "administrative remedies" a NECESSARY FIRST STEP to petitioning Court to redress grievances. 42 USC §1997e(a) The instant case is a great example of why jail/prison grievance procedures MUST be constitutionally protected activity because Defendants have intentionally denied/delayed allowing Rice an ability to preserve videofootage of criminal activity of staff in a timely manner when Rice submitted IMMEDIATE requests to supervisory officials to preserve such evidence and pursue criminal charges; nonetheless, state officials refuse to respond and took no steps to preserve material evidence that would have incriminated state officials who lied, assaulted and/or attempted to harm Rice (in retaliation of Rice's decision to exercise his constitutional First Amendment rights).

Sheriff Danny Rogers policies currently allow staff to deny inmate's access to jail grievance procedures clearly undermining the purpose Congress enacted §1997e(a) (which was to ensure correctional supervisory staff are presented grievances and afforded an initial opportunity to resolve/redress an inmates grievance(s) properly creating a transparent record to assist the Court in fairly resolving/redressing any/all grievances presented to the Courts); moreover, the Defendant's obvious intentional denial of jail grievance forms/procedures served only to obstruct, abridge and/or impair a timely preservation of exculpatory/material evidence the Court would need to properly/fairly resolve that inmate's constitutional transgressions being vindicated in Court.

Based on the intentions of Congress (when §1997e(a) was enacted), such legislation does innately/necessarily attaches constitutional protection to an inmate's right to use jail grievance procedures as the initiation and/or proper process to filing §1983 complaint in Court so obstructing an inmate's ability/right to report/redress grievances, preserve evidence of staff misconduct and/or use jail grievance procedures to be able to redress Rice's grievances in Court is unconstitutional, was unconstitutional and will always be unconstitutional act of governmental officials that is clearly established law that any person/officer would have known to be unlawful and/or unconstitutional at it's CORE.

It should be noted that Rice has been requesting jail grievance forms since 12/26/22; however, jail officials intentionally deny Rice grievance form's to prevent Rice from petitioning supervisory officials to redress Rice's grievance via "administrative remedies". §1997e(a). In addition, Rice has begged medical staff to provide proper/adequate medications, medical accommodation and/or care for Rice's severe back injuries, stomach injuries, wrist injuries, carpal tunnel, ulcers, acid reflux, heartburn, constipation, back spasms, skin infection(s), shoulder injuries & lost of hearing on 2/20/22; but, Dr Haq refuses to provide proper medications Rice needs for all Rice injuries as of April 26th 2022 when Dr Haq examined Rice and told Rice he decides what to treat and what not to treat responding that inmates "are animals!!!" (when Rice told him (Dr Haq) that everyone call Dr. Haq a vetenarian because he never provides what inmates needs and often denies inmates medically necessary medical care and/or medications) (*Note* Rice was seen by Nurse Practioner McNeil on 1/5/22; N.P. Williams on 3/4/22; N.P. Carrie on 3/31/22; and seen by Dr Haq on 1/31/22 & 4/26/22 denying all medications and/or medical accommodations Rice needs for chronic care injuries and recent injuries Rice presented to Dr Haq on April 26th 2022) (*Note*.. NURSE SAID ALL MEDICATIONS MUST BE APPROVED BY DR HAQ)

On April 21st 2022, ofc Miller open Rice cell door and Nurse King brought Rice's noon pain medications and forced Rice to drink unclean water to take his medications; moreover, medical procedures for chronic care medications need sick-call request to renew chronic care medication every two weeks or monthly which causes inmates to be denied medications chronic care inmates need daily. (*Chronic care medication should renew every 60-90 days*)

On April 21st 2022 ofc Ocampo delivered Rice's legal mail from U.S. District Court in/at 324 W. Market St/ Greensboro, N.C. 27401 that informed Rice jail offials at GCJ never sent Rice's original §1983 complaint to Court (when Rice gave a 43 page §1983 complaint to ofc Crosby on February 4th 2022 to be mailed to U.S. District Court in Greensboro, N.C.) Rice filed a motion for reconsideration of Order & Judgment dismissing §1983 complaint based on fact(s) that Rice submitted original §1983 on proper forms on 2/4/22 but obviouly staff failed to send it to Court; furthermore, Rice informed U.S. District Court that Rice has an amended §1983 complaint Rice currently is trying to mail to Court but Sheriff Roger's policies denies Rice an ability to mail his 38-40 page §1983 complaint to Court because Rice needs a large manilla folder/envelope, legal copies and/or sufficient stamps to mail them "to Court. Bounds, supra.

Although clearly established law mandates that "indigent **inmates** must be provided "an ability to "access the Court" to present all legal claims concerning that inmates conditions of confinement, Captain Johnson is/has been conspiring with other staff/officials to deny Rice an ability to "mail" his appx 40 page § 1983 complaint to Court so Rice can petition government to redress all Rice grievances in a timely manner. Bounds, Id. In addition, ofc Crosby and other jail officials who worked 2B unit and/or floor has blocked Rice's original § 1983 complaint ~ on proper forms ~ from being sent to U.S. District Court (while staff denies Rice **an** ability to use jail grievance(s) procedure to report/redress this staff misconduct as well as other instances of staff misconduct that violate state/federal law). (*NOTE* Rice wants whomever tapered with his legal mail prosecuted under federal laws) THE BUS STOPS HERE!!!!!!!!........

Lt Rouse, Sgt Klipstine, Captain Johnson, Ofc. Roseboro, Ofc Parker, Ofc Farrow and/or ofc McLaughlin took personal property including thermal bottoms, thermal shirt, boxers, socks, cosmetics, pens and/or legal papers that staff never returned to Rice; wherefore, Rice wants all staff charged with theft of Rice personal property and Sgt Klipstine & ofc McLaughin falsied reports against Rice asserting Rice blocked window with Rice's mattress on 1/11/22 while ofc McLaughlin & Roseboro Kicked Rice on 1/11/22 and Roseboro Kicked Rice twice on 3/3/22 while Rice wants all charged in state court as well as federal court tampering with mail (outgoing legal mail Rice gave to ofc Crosby on 2/4/22 at appx 7:30pm-8pm). Videofootage of all these incident were available to substantiate these crimes; nonetheless, supervisory officials refused amongst many requests that all evidence be preserved for future court litigation.

Rice continues to endure stomach pains/cramps, heartburn, ulcers, severe acid reflux, severe back spasms, constipation, extremely bowel movements, boils, rashes, skin infections, lost of hearing in his ear as well as ➡ broken tooth, carpal tunnel, tentinitis/arthiritis, shoulder injuries and/or wrist injuries ~ Dr Haq refuses to provide proper medications for his intentional refusal to provide omeprazole and/or meloxacam creates unnecessary pain/suffering, physical discomfort and emotional distress worsening Rice's mental injuries enduring unnecessary pain & anguish.

THIS BEING THE 26th DAY OF APRIL 2022.

☆ ALL FACTS ASSERTED UNDER THE PENALTY OF PERJURY ☆

☆ ALL FACTS TRUTHFUL AND ACCURATE ☆

[signature]

INDIGENT PRO SE INMATE

NATHANIEL D. RICE

Case 1:22-cv-00335-CCE-JLW Document 1 Filed 05/02/22 Page 45 of 45

It should be noted that Rice has been begging for proper medications, medical care and/or medical accommodations since 12/26/21; nonetheless, Dr Haq continues to deny Rice proper/adequate medications and special diet Rice needs to avoid unnecessary stomach/back pain, spasms, cramps and/or extreme physical discomfort Rice suffers with daily. (*NOTE* Nurse Practioner McNeil evaluated Rice on 1/5/22, Dr Haq evaluated Rice on 1/31/22 & 4/26/22 Nurse Practioner Williams examined Rice on 3/4/22 and Nurse Carrie evaluated Rice on 3/31/22 when Rice explained Rice's ulcers/acid reflux, cramps, heartburn, constipation, back spasms and/or very intense back pain needed medications omexaprole & meloxacam; however, Dr Haq refused to order these Medications Rice needs while only ordering Milk of Magnesium & Docusate for constipation (**on** 3/31/22 thru Nurse Carrie) while being deliberately indifferent to Rice back injuries/**pain**, stomach injuries/ **pain**, lost of hearing on 2/20/22, skin infection(s), carpal tunnel/wrists, shoulder injuries & other pain Rice experiences daily. FYI - All nurses told Rice Dr Haq must approve the order/prescribed medications Rice took on/before being arrested 12/26/22).

On April 21st 2022 Nurse King forced Rice to put unclean water on Rice's medications (in violation of Leviticus 11:33-34) while medical continues to deny chronic care medication for 60-90 days often causing Rice to be denied medications Rice needs after two weeks (when those medication are chronic care or pain pills Rice desperately **needs daily**. (3x)

On April 21st 2022 ofc Ocampo delivered federal court Order & Judgment that stated the U.S. District Court in/at 324 W. Market St **Greensboro**, N.C. 27401 never received the §1983 complaint Rice gave to ofc **CROSBY** to send to Court on February 4th 2022. Rice submitted inquiry request for grievance and/or investigation about what happened to 43 page §1983 complaint Rice gave to staff to have sent to Court; furthermore, Rice informed Court filing a motion for re**con**sideration based on those facts while Rice has this amended §1983 Rice has been trying to send since February of 2022.

Supervisory officials/staff at GCJ don't have policy and procedures to ensure inmates are able to access the Courts (~~when indigent~~ **with large briefs**) and Sheriff **Rogers** failure to create policies, properly train/supervise staff has ultimately denied Rice an ability to properly prepare/submit Rice's legal documents on proper forms to allow Rice to petition the Courts and/or redress or abate the perpetual staff misconduct in a timely manner. (*NOTE* This §1983 will be submitted when jail staff provide manilla envelope, legal copies and sufficient "stamps to mail them". SEE BOUNDS v. SMITH, 430 U.S. 817, 824-825 (1977)

THIS THE 26TH DAY OF APRIL 2022

INDIGENT PRO SE PLAINTIFF
NATHANIEL D. RICE